**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

Mr. Nathaniel Johnson, Jr. #211574,    )    Civil Action No. 1:22-00429-RMG
    )
    )
    Petitioner,    )
    )    **ORDER AND OPINION**
    v.    )
    )
Warden McKendley Newton; Mr. Alan M.    )
Wilson *Attorney General*, South Carolina,    )
State of,    )
    )
    Respondents.    )
_____)

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge

(Dkt. No. 11) recommending that Petitioner's petition for a writ of habeas corpus filed pursuant to

28 U.S.C. § 2554 be dismissed.  (Dkt. No. 1).  For the reasons set forth below, the Court adopts

the R & R as the Order of the Court and the petition is dismissed without prejudice.

## I.    Background

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt.

No. 1). [1]  Petitioner challenges his March 2007 convictions of kidnapping and first criminal sexual

conduct ("CSC 1st). (Dkt. No. 1 at 4).  This is Petitioner's third § 2254 habeas petition challenging

these convictions.  *See Johnson v. McFadden*, C/A No. 1:13-cv-1794-RMG ("*Johnson I*");

*Johnson v. McFadden*, C/A No. 1:15-cv-3611-RMG ("*Johnson II*").  Petitioner filed a first habeas

petition with regard to these convictions on July 9, 2013.  This Court considered the petition on

the merits and granted respondent's motion for summary judgment.  *Johnson I* at Dkt. No. 44.

---

[1] The Petition is labeled as a motion to amend the petition in *Johnson II*, but it has been construed
as a new petition because *Johnson II* was dismissed in 2015.  (Dkt. No. 11 at 2, fn 2).

Petitioner filed a second habeas petition with regard to these convictions on September 8, 2015 and the Court dismissed it as a successive § 2254 petition. *Johnson II* at Dkt. No. 22.  The instant petition seeks a writ of habeas corpus pursuant to § 2254 regarding the same convictions as *Johnson I and II*.  On February 25, 2022, the Magistrate issued an R & R recommending the court dismiss the petition as successive.   (Dkt. No. 11).  On March 9, 2022, Petitioner filed objections to the R & R.  (Dkt. No. 13).

II.    **Legal Standard**

A.    **Review of R & R**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").  Petitioner filed objections to the R & R and the Court conducts a *de novo* review. (Dkt. No. 13).

B.    **Review of Petition for a Writ of Habeas Corpus**

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A habeas petition is "successive" if a previously filed habeas petition was "adjudicated on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000).  In order to file a "successive" petition,

the petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit. *See, e.g.*, 28 U.S.C. § 2254(b)(3)(A) (mandating that "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); Rule 9 of Rules Governing § 2254 ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . ."); *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005) (noting that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions").  If the petitioner of a successive petition did not first obtain the necessary authorization, the District Court lacks jurisdiction to consider the merits of the petition and, as a result, must dismiss. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Smart v. Warden, Kershaw Corr. Inst.*, No. 2:13-cv-2449-GRA, 2013 WL 6054475, at *3 (D.S.C. Nov. 15, 2013) (dismissing unauthorized successive petition for lack of jurisdiction).

## III.    Discussion

Upon a review of the record and after reviewing Petitioner's objections to the R & R, the Court finds that the Magistrate Judge correctly identified Petitioner's § 2254 petition as successive and unauthorized.  The instant petition is "successive" because Petitioner seeks a writ of habeas corpus based on the same convictions that were addressed in *Johnson I* and *II*.  An individual may not file a second or successive petition for a writ of habeas corpus under § 2254, without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997.) There is no showing Petitioner obtained authorization from the Fourth Circuit Court of Appeals to file this successive habeas petition. As such, the Court is without jurisdiction to hear the petition.

## IV.    Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## IV.    Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 11) is **ADOPTED** and Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 15, 2022
Charleston, South Carolina

-4-